LOUIS B. LAUSIER *vs.* FRANK E. HOOPER.

York.    Opinion November 18, 1914.

*Accommodation Maker.    Contribution.    Dissolution of Partnership.    Evidence.*
*Exceptions.    Note.    Partnership.*

1.    When A., one of two makers of a promissory note, at the request of B., the other, procures C., to sign it also, the representations of A. to C. as to whether B. and C. would be joint accommodation makers for A., or whether C. would be an accommodation maker for A. and B., are admissible against B., in his suit against C. for contribution.

2.    The relation of the makers of a promissory note, inter sese, is a matter of contract, and the terms of the request to sign made by one to another is material evidence of the nature of the contract into which the latter entered.

3.    If testimony is material and admissible on one ground, it is not reversible error to admit it on another and untenable ground.

On motion and exceptions by the plaintiff.    Motion and exceptions overruled.

This is an action of assumpsit in which the plaintiff seeks to recover of the defendant money claimed to be due him by reason of himself and defendant being joint accommodation makers of a note for one Welch, which note the plaintiff paid.    This action is to compel the defendant to contribute towards the payment.    Plea, the general issue.    The jury returned a verdict for defendant.    The plaintiff excepted to the admission of certain testimony and filed a general motion for a new trial.

The case is stated in the opinion.

*Cleaves, Waterhouse & Emery,* for plaintiff.

*William H. Dwyer, and James O. Bradbury,* for defendant.

SITTING:    SAVAGE, C. J., CORNISH, BIRD, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.    The plaintiff and one Welch entered into partnership November 16, 1911.    To raise the necessary capital, they

borrowed money of a bank and gave their individual joint note. The partnership as such was not a party to the note. When that note matured it was renewed by another individual joint note. Afterwards, and before the second note matured, the partnership was dissolved. Welch retained the business and the partnership assets. It does not appear that anything was said then about the note. When that note matured, it was renewed by a new note signed by Welch on the face and by the plaintiff and defendant on the back. That note was renewed by another signed in the same way. When this fourth note became due, it was renewed by a fifth, signed only by the plaintiff and Welch. The defendant refused to sign. This last note the plaintiff ultimately paid. The plaintiff claims that he and the defendant were joint accommodation makers for Welch on the third and fourth notes, and, having paid the fourth note by a renewal note, and then having paid that one, he brings this suit for contribution. The defendant claims that he signed the third and fourth notes as accommodation maker for the plaintiff and Welch, and, hence, that he is not liable to contribute.

The verdict was for the defendant, and the case comes up on the plaintiff's exceptions and motion for a new trial.

During the course of these transactions the plaintiff and defendant did not meet. The defendant signed the third and fourth notes at the request of Welch. The defendant testified that he knew at one time that the plaintiff and Welch were in business together, and there is no evidence that he knew of the dissolution of the partnership. He denies that he knew it.

The defendant was permitted to testify as to what Welch said to him at the time he signed the third note, (his first signing), namely, that Welch "wanted me to accommodate him and sign a note for him and Mr. Lausier;" that "he wanted to know if I would do him a favor and sign a note for him and Mr. Lausier." This evidence was objected to on the ground that the conversation was after the dissolution of the partnership, at a time when Welch could not in any way bind the plaintiff. The presiding Justice admitted the evidence as a part of the res gestae, and exceptions were taken to the admission.

The question whether this evidence was admissible as a part of the res gestae has been fully argued, pro and con. But we need not con-

sider it, for we think the evidence was clearly admissible upon another and material ground. And being admissible, the plaintiff was not prejudiced improperly by its admission.

The relation of the makers of a promissory note, inter sese, is a matter of contract, express or implied. They are liable to one another as and how they have agreed. They may all be principals. Some may be principals, and others their sureties, signing with the principals as accommodation makers. If an accommodation maker has to pay, he may recover of the principal. If one of two accommodation makers has to pay, he may compel the other to contribute. The question always is, which was the contract relation among the signers. And the question in this case is what was the contract relation between the plaintiff and defendant.

Under the circumstances, it may very well have been understood between the plaintiff and Welch when the plaintiff signed the third note that he was signing as accommodation maker for Welch. Originally they had been joint principals. But the situation had changed. Welch had the property purchased by the money for which the prior notes had been given. Taking all the property, it is quite likely that Welch was understood to assume the payment of the note, the proceeds of which went into the property. But that is not the question in this case. The question now is, what did the defendant engage to do? and for whom? In this aspect, it seems to us that the terms of the request made to him, and with which he complied, are very material evidence of the nature of the contract, as to his fellow signers, into which he entered.

But there is more than this. There is evidence tending to show (in fact it is uncontradicted) that Welch procured the signature of the defendant to the third note in compliance with the plaintiff's request that he would "get someone else to go on the note." Welch then in procuring the defendant's signature was acting for the plaintiff, as well as for himself, in accordance with the plaintiff's request. He represented the plaintiff. The plaintiff cannot complain if his representative held out to the defendant that he was signing as accommodation for the plaintiff and Welch, and not as signing with the plaintiff as accommodation for Welch. If one party to a note sends out another to procure a third to sign, it would seem that he makes him his agent for that purpose, and that the representations of the agent are admissible against him.

The admission of the testimony complained of was not reversible error in any event, if it was error at all, and the exceptions must be overruled. The evidence clearly warranted the verdict. The certificate must be,

*Exceptions and motion overruled.*